**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JOHN ALPHONZO HUYGHUE,
  *Defendant-Appellant.*

No. 02-4485

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-309)

Submitted: May 29, 2003

Decided: June 4, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Alphonzo Huyghue pled guilty to two counts of trafficking in cocaine and crack cocaine and one count of using and carrying a firearm during and in relation to a drug offense. He was sentenced on February 13, 2002. The sentencing judge informed him that, if he wished to appeal, his appeal must be filed within ten days. The judgment order was entered on February 27, 2002. On June 10, 2002, the district court received a pro se "notice of intent to file direct appeal" and a request for leave to file an appeal out of time, both dated June 6, 2002. Huyghue asserted excusable neglect, alleging that his attorney had failed to inform him about the time limit for filing an appeal. The district court denied the motion for leave to file a late notice of appeal, finding no excusable neglect. Huyghue now seeks to appeal his sentence.

In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). Huyghue's notice of appeal and motion for leave to file a late notice of appeal were filed after the expiration of the excusable neglect period. Thus, even if the district court found excusable neglect (which it did not), the court was without authority to extend the time for filing to June 6, 2002.

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*